| | | |
|---|---|---|
| BULLO OBSE<br>P.O. Box 5608<br>Takoma Park, MD 20913 | *<br><br>* | IN THE<br><br>UNITED STATES DISTRICT |
| Plaintiff, | * | COURT FOR THE |
| v. | * | DISTRICT OF COLUMBIA |
| | * | |
| Douglas A. Collins, Secretary<br>Department of Veterans Affairs<br>810 Vermont Avenue NW.,<br>Washington, DC 20420 | *<br><br>* | |
| | * | CASE NO. _____ |
| Additional Serve: | * | |
| Pamela Bondi, U.S. Attorney General<br>U.S. Department Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530-0001 | *<br><br>* | |
| and | * | |
| Civil Process Clerk<br>US Attorney's Office<br>555 – 4th Street, NW<br>Washington, DC 20230 | *<br><br>* | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**COMES NOW**, Plaintiff, Bullo Obse, by and through his attorney, Paul V. Bennett, Esq., and Bennett Legal Services, Inc, and hereby sues Defendant U.S Department of Veterans Affairs (hereinafter "Defendant") and states as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 (hereinafter "ADEA").

2. That all times set forth in the above-referenced Complaint, the Plaintiff worked as a Care Manager and Clinical POC, sometimes called Staff Nurse, 02, in the Orange Clinic of Washinton VA Medical Center ("DCVAMC"), a medical facility within the Veterans Health Administration ("VHA"), subagency of the Defendant U.S of Department of Veterans Affairs.

3. That all the actions complained of herein took place at Defendant's facility, located at 50 Irving St NW, Washington, DC 20422 (hereinafter referred to as "Defendant's premises").

4. That at all times relevant hereto, Defendant is a federal public institution employing five-hundred (500) or more persons, and is an "employer" within the meaning of Title VII and ADEA.

5. Plaintiff engaged in protected EEO activities, including, without limitation contacting an EEO counselor on April 7, 2023, and December 13, 2023, and filing his formal complaints on May 11, 2023, and January 24, 2024, alleging race, national origin, sex, and age discrimination, and retaliation.

6. Throughout Plaintiff's employment within the DCVAMC, Plaintiff complained about various unprofessional and/or illegal acts that he alleged had been taken against him.

7. In accordance with Title VII and ADEA, Plaintiff has properly exhausted his administrative remedies before timely filing suit.

## **FACTS COMMON TO ALL COUNTS**

8. Plaintiff's national origin is Ethiopian, and his religion is Islam. He was born in 1964. Plaintiff is a refugee.

9. Plaintiff has been employed by the Department of Veterans Affairs, Washinton VA Medical Center since March 25, 2012.

10. During the relevant time, Plaintiff has worked as Care Manager and Clinical POC, sometimes called Staff Nurse, 02, in the outpatient primary care clinic labelled Orange Clinic.[1] VA primary care services are offered though Patient Aligned Care Teams (PACTs). PACT consist of a health care provider such as a medical doctor, a nurse practitioner, a registered nurse, a Licensed Practical Nurse ("LPN"), or a health tech, and an administrative support. Nurses are typically assigned to a specific PACT team.

11. Octavia Kellam ("Ms. Kellam"), national origin: American, religion: Pentecostal Holiness born in 1961, Nurse Manager, Nurse III/4, at the same facility from June 21, 2021– July 3, 2023, served as Plaintiff's first-line supervisor.

12. Taunya Curry ("Ms. Curry"), Charge Nurse, retired in March of 2023, served as the Plaintiff's second level supervisor.

13. Alma Holley, Washinton VA Medical Center, Nurse Manager for the women's clinic since 2019, served as Plaintiff's acting first-line supervisor in 2023.

14. His previous performance ratings were at least satisfactory and there were no complaints from providers in the Yellow Clinic. In fact, in March of 2022, Dr. Forcucci, a physician

---

[1] Outpatient care consists of specialty care and primary care clinics labelled the Red, Yellow, Blue, Green, Orange, or Women's Health Clinic.

3

Plaintiff supported, stated that Plaintiff was doing a good job. No one observed any safety deficiencies.

15. While performing vaccinations, Plaintiff was in compliance with all the procedures. Specifically, he always used sterile gauze and a band-aid immediately after inoculations.

16. After Ms. Kellam became his supervisor in June of 2021, Plaintiff was continuedly complaining about lack of any breaks such as breaks for lunch or even to use the restroom.

17. Unlike other co-workers who were shadowed no more than 4 hours, during the observation, Ms. Kellam shadowed Plaintiff for two days.

18. From June of 2021 onwards, Ms. Kellam also routinely called Plaintiff "Mr. Obese."

19. On December 13, 2022, a day after he returned from a one-month trip to visit his relatives in Ethiopia, Plaintiff met with Ms. Kellam who was visibly unhappy with Plaintiff's leave and asked him several times "are you even a nurse." After just returning from approximately a month of leave, he was accused of not completing November DM Measures and December HTN/Frail Veterans.

20. Later, in December of 2022, Plaintiff was assigned to a different clinic because he raised his concerns about Ms. Kellam's comments that all refugees have January 1st birthday just like Plaintiff.

21. Until Ms. Kellam reassigned Plaintiff to Orange clinic, Plaintiff worked in the Yellow Clinic for almost 11 years where he was a senior nurse. No reasons, such as the need for coverage, were given for the reassignment from the Yellow to the Orange Clinic.

22. Plaintiff and Ms. Kellam never discussed his performance. Rather, each time Plaintiff raised his concerns about inappropriate comments, Ms. Kellam responded by inventing another performance issue.

23. On December 14, 2022, Octavia Kellam, Nurse Manager, and Taunya Curry, Associate Director, forced the Plaintiff to vacate his office for new employees. Plaintiff had a workstation, a de facto office, where he performed computer work. Since management did not provide Plaintiff with basic equipment, he bought the necessary things needed to perform his duties, to include a wall mounted shelf and adjustable workstation. Plaintiff had this equipment for a long time. He was forced to leave these items in the exam room. He was not able to have his items returned.

24. Other nurses outside his protected class were not treated the same, including nurses Vinielle Acha-Morfaw, and John B. McGlorthan, both non- Ethiopian, non-Muslin and younger, who were not deprived of their workstations or their equipment.

25. After he complained about inappropriate comments a few more times, Ms. Kellam decided to transfer Plaintiff out from the Orange Clinic PACT team. Ms. Kellam reassigned Plaintiff to perform vaccines only. Then, he was reassigned to non-primary care clinic, namely Occupational clinic without any PACT. Again, no reasons were given for these reassignments.

26. After a series of reassignments, Plaintiff complained to the union about Ms. Kellam trying to fire him.

27. Other nurses outside his protected class were not treated the same, including nurse Pamela G. Reid-Williams (national origin: American; religion: non-Muslim), who went through remedial orientation but was not reassigned. Vinielle Acha-Morfaw, and John B. McGlorthan, other nurses who are non- Ethiopian, non-Muslim and younger, were also not transferred.

28. On or about February 13, 2023, Plaintiff inadvertently embarrassed via email Ms. Curry, Ms. Kellam's supervisor, exposing her lack of professionalism regarding vaccinations.

29. On April 6, 2023, Octavia Kellam, the Nurse Manager, and Taunya Curry, the Associate Director, issued Plaintiff an unacceptable proficiency rating. His rating was downgraded sharply as compared to the last one by Mr. Alfredo Bandong, Plaintiff's previous supervisor, who rated him highly successful. Surprisingly, Ms. Kellam admitted Plaintiff did a great job in the injection clinic.

30. Other nurses outside his protected class were not treated the same, including nurse Pamela G. Reid-Williams, who went through remedial orientation but was not moved or had their rating changed. Vinielle Acha-Morfaw, and John B. McGlorthan, other nurses who are non- Ethiopian, non-Muslin and younger, also did not receive unacceptable ratings.

31. On or about October 31, 2023, Plaintiff was denied opportunity to present conclusions on shadowing Patient Aligned Care Teams at Martinsburg VA Medical Center.

32. On or about October 31, 2023, Plaintiff was not allowed to serve as the Charge Nurse and to orient a new Licensed Practical Nurse.

33. Ms. Lisa Wade, nurse manager, Ambulatory Care Services, did not assume her day-to-day position duties until approximately November 13, 2023, when she returned from her leave.

34. On November 21, 2023, Plaintiff's telework was revoked.

35. That same day, an alternative to his telework request was denied. Namely, Plaintiff was not granted 6-8 hours of uninterrupted time during his tour of duty to call veterans about upcoming appointments.

## COUNT I
## <u>RACE DISCRIMINATION</u>
## <u>(Disparate Treatment)</u>
## Title VII of the Civil Rights Act of 1964
## 42 U.S.C. § 2000e, *et seq.*

36. Plaintiff hereby restates and incorporates paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. Plaintiff is a member of a protected class. His race is Black.

38. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of his race, Black, a protected class under Title VII.

39. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*.

40. That the effect of the practices complained of above on or about April 7, 2023, and December 13, 2023, were to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, Black.

41. That similarly situated non-Black employees, including but not limited to, nurse Pamela G. Reid-Williams, and John B. McGlorthan, outside the protected class, were not subjected to the same or similar adverse employment actions that Plaintiff endured, including, but not limited to multiple transfers, being forced to vacate his office, receiving unacceptable rating, not being able to serve as charge nurse or orient new LPN, denial of telework or its alternative. Due to mounting pressure, Plaintiff has been taking annual and sick-leave to get away from the hostile work environment thereby exhausting all his earned leave.

42. That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer loss of earning capacity, severe emotional distress, humiliation, mental anguish, and attorney's fees and litigation costs.

43. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT II
## NATIONAL ORIGIN DISCRIMINATION
### (Disparate Treatment)
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. § 2000e, *et seq.*

44. Plaintiff hereby restates and incorporates paragraphs 1 through 35 of this Complaint as though fully set forth herein.

45. Plaintiff is a member of a protected class. His national origin is Ethiopian.

46. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of his national origin, Ethiopian, a protected class under Title VII.

47. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*.

48. That the effect of the practices complained of above on or about April 7, 2023, and December 13, 2023, were to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his national origin, Ethiopian.

49. That similarly situated non-Etiopian, employees, including but not limited to, nurse Pamela G. Reid-Williams, Vinielle Acha-Morfaw, and John B. McGlorthan, outside the protected class, were not subjected to the same or similar adverse employment actions that

Plaintiff endured, including, but not limited to multiple transfers, being forced to vacate his office, receiving unacceptable rating, not being able to serve as charge nurse or orient new LPN, denial of telework or its alternative.

50. That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer loss of earning capacity, severe emotional distress, humiliation, mental anguish, and attorney's fees and litigation costs.

51. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

### COUNT III
### **GENDER DISCRIMINATION**
### **(Disparate Treatment)**
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. § 2000e, *et seq.*

52. Plaintiff hereby restates and incorporates paragraphs 1 through 35 of this Complaint as though fully set forth herein.

53. Plaintiff is a member of a protected class. He is a male registered nurse.

54. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of his sex/gender, male, a protected class under Title VII.

55. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*.

56. That the effect of the practices complained of above on or about April 7, 2023, and December 13, 2023, were to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex/gender, male.

57. That similarly situated female employees, including but not limited to, nurse Pamela G. Reid-Williams and Vinielle Acha-Morfaw, outside the protected class, were not subjected to the same or similar adverse employment actions that Plaintiff endured, including, but not limited to multiple transfers, being forced to vacate his office, receiving unacceptable rating, not being able to serve as charge nurse or orient new LPN, denial of telework or its alternative.

58. That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer loss of earning capacity, severe emotional distress, humiliation, mental anguish, and attorney's fees and litigation costs.

59. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT IV
## RELIGIOUS DISCRIMINATION
### (Disparate Treatment)
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. § 2000e, *et seq.*

60. Plaintiff hereby restates and incorporates paragraphs 1 through 35 of this Complaint as though fully set forth herein.

61. Plaintiff is a member of a protected class. His religion is Islam.

62. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of his religion, a protected class under Title VII.

63. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*

64. That the effect of the practices complained of above on or about April 7, 2023, and December 13, 2023, were to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

65. That similarly situated non-Muslim employees, including but not limited to, nurse Pamela G. Reid-Williams, Vinielle Acha-Morfaw, and John B. McGlorthan, outside the protected class, were not subjected to the same or similar adverse employment actions that Plaintiff endured, including, but not limited to multiple transfers, being forced to vacate his office, receiving unacceptable rating, not being able to serve as charge nurse or orient new LPN, denial of telework or its alternative.

66. That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer loss of earning capacity, severe emotional distress, humiliation, mental anguish, and attorney's fees and litigation costs.

67. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

### COUNT V
### RETALIATION
### (Adverse Actions and Disparate Treatment)
### Title VII of the Civil Rights Act of 1964
### (Race, National Origin, Gender, Religion, and Prior EEO Activities)
### 42 U.S.C. § 2000e, *et seq.*

68. Plaintiff hereby restates and incorporates paragraphs 1 through 35 of this Complaint as though fully set forth herein.

69. Plaintiff's protected EEO activities included raising his concerns to Ms. Kellam, Ms. Curry, Ms. Holley, Ms. Wade when he was transferred, forced to vacate his office,

11

received an unacceptable rating, was not able to serve as a charge nurse or orient new LPNs, and was denied telework or its alternative.

70. The subsequent adverse employment actions and disparate treatment, as set forth in the above-referenced facts common to all counts, amounted to illegal retaliation as revealed by the frequent retaliatory conduct, the close temporal proximity to his continuous protected EEO activities, and the evident retaliatory animus of Defendant's management.

71. That the aforementioned acts of retaliation for complaining of discrimination constitute unlawful employment practices pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

72. The aforementioned legally protected activities were known by upper management to have occurred.

73. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee based upon his legally protected activities and to discourage others from engaging in protected activities.

74. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

75. As a direct and proximate result of the Defendant's retaliatory actions, Plaintiff has suffered lost wages and benefits, emotional distress, incurred attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT VI
## AGE DISCRIMINATION
## (Disparate Treatment)
### Age Discrimination in Employment Act of 1967, as amended,
### 29 U.S.C. § 621, *et seq.*

76. Plaintiff hereby restates and incorporates paragraphs 1 through 35 of this Complaint as though fully set forth herein.

77. Plaintiff was subjected to adverse treatment, including without limitation, the above-referenced disparate treatment and adverse job actions as set forth in the Facts Common to all Facts and Counts I, II, III and IV of this Complaint.

78. Plaintiff's age was the "but-for factor" behind the described adverse treatment.

79. All similarly situated employees under the age of 40 or substantially younger than Plaintiff, including but not limited to, nurse Pamela G. Reid-Williams and Vinielle Acha-Morfaw, were treated more favorably than Plaintiff as they were not subjected to multiple transfers, being forced to vacate his office, receiving unacceptable rating, not being able to serve as charge nurse or orient new LPN, denial of telework or its alternative.

80. That the intentional discriminatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

81. As a direct and proximate result of the Defendant's discriminatory actions, Plaintiff has suffered lost wages and emotional distress, and incurred attorneys' fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## PRAYER FOR DAMAGES

WHEREFORE, for the foregoing reasons, Bullo Obse, Plaintiff, demands judgment against the U.S Department of Veterans Affairs, Defendant, as follows:

a. $300,000.00 as compensatory damages;

b. Front pay and back pay; lost wages;

c. Non-compensatory damages as deemed as appropriate by this honorable Court;

d. Retirement fund reimbursement;

e. Prejudgment and post judgment interest;

f. Award attorney's fees and costs, including expert witness fees, as allowed by law;

g. And for such other and further relief as this honorable Court deems just and equitable.

Respectfully submitted,

_____/s/_ Paul V. Bennett_____
Paul V. Bennett, Esq. (DC Bar No. 427358)
Bennett Legal Services, Inc.
5457 Twin Knolls Road, Suite 300
Columbia, Maryland 21045
(410) 353-4994
pbennett@bennettlaw.net

*Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Bullo Obse, Plaintiff, hereby demands that this matter be tried by jury.

                                               /s/ Paul V. Bennett
                                      Paul V. Bennett, Esq. (DC Bar No. 427358)